HENRY C. PEERY

*v.*

CHARLES C. COFFMAN, SHERIFF, ETC., ADMINISTRATOR

(No. 12262)

Submitted May 19, 1964.          Decided June 23, 1964.

*Hiteshew, Cather, Renner & Parker, Charles V. Renner, Ronning & Bailey, John S. Bailey, Jr.,* for appellant.

*Steptoe & Johnson, Stanley C. Morris,* for appellee.

HAYMOND, PRESIDENT:

This is an appeal upon the application of the plaintiff, Henry C. Peery, from a final judgment of the Circuit Court of Jackson County rendered April 2, 1963, which, on motion of the defendant, Charles C. Coffman, Sheriff of Jackson County, administrator of the estate of Neil Hysell, dismissed the action instituted in that court by the plaintiff on March 27, 1961.

In this action the plaintiff seeks a recovery from the defendant for the damage to his automobile caused by the alleged negligence of the decedent, Neil Hysell, in a collision between the automobile of the plaintiff which was operated at the time by his son, Henry C. Peery, Jr., and an automobile owned and operated by Neil Hysell. The collision occurred about eight o'clock in the morning of March 27, 1959, on Route No. 2, approximately six miles south of the City of Ravenswood, in Jackson County, West Virginia, and the driver of each of the automobiles was killed in the collision.

On July 15, 1959, more than two months having elapsed since the death of Neil Hysell, W. C. Chancey, then the duly qualified and acting sheriff of Jackson County, West Virginia, was appointed administrator of the estate of

Neil Hysell, deceased, by the County Court of Jackson County. The term of office of W. C. Chancey as sheriff expired on December 31, 1960, and Charles C. Coffman, having been elected and having duly qualified, succeeded Chancey as sheriff of Jackson County on January 1, 1961. The process in this action, which was instituted March 27, 1961, was served upon Charles C. Coffman, sheriff of Jackson County, as administrator of the estate of Neil Hysell, deceased, on March 28, 1961. No order appointing Coffman to succeed Chancey as administrator of the estate of Neil Hysell, deceased, has been entered by the County Court of Jackson County and no assets of the estate of Neil Hysell, deceased, were received by Chancey as administrator during his term as sheriff; and apparently for that reason he did not file any report of any receipts and disbursements of any estate committed to him as administrator of the estate of Neil Hysell.

The defendant contends and the circuit court, in effect, held that inasmuch as the county court had not entered any order appointing Coffman as administrator to succeed Chancey as administrator of the estate of Neil Hysell, deceased, and inasmuch as Chancey did not at any time file with the county court or the county clerk a report of any receipts and disbursements of any estate committed to him as administrator of the estate of Neil Hysell, deceased, Coffman has never been validly appointed administrator of such estate and may not be sued as such in this action.

On the contrary the plaintiff insists that there is no legal requirement that a successor sheriff be appointed or substituted as administrator by an order of the county court to succeed a former sheriff who was duly appointed as such administrator but whose term of office has expired, and that such successor sheriff, by operation of law and without any action by the county court, succeeds and is substituted for the former sheriff as administrator of the estate to which the former sheriff had been appointed by the county court.

The question of the right or authority of a sheriff to succeed to the office of administrator of the estate of a

decedent, to which his predecessor in the office of sheriff had been duly appointed, is one of first impression in this jurisdiction. No case has been cited and despite considerable research none has been found which completely decides this precise question.

The answer to the foregoing question depends upon the meaning and the effect of the statute governing the appointment of a sheriff as administrator of the estate of a decedent. That statute, Section 11, Article 1, Chapter 44, Code, 1931, to the extent here pertinent, contains these provisions: "If at any time two months elapse without there being an executor or administrator of the estate of a decedent * * *, the court or clerk before whom the will is admitted to probate, or having jurisdiction to grant administration, shall on motion of any person order the sheriff of the county to take into his possession the estate of such decedent and administer the same; whereupon such sheriff, without taking any other oath of office, or giving any other bond or security than he may have before taken or given, shall be the administrator or administrator de bonis non of the decedent, with his will annexed if there be a will, and shall be thenceforward entitled to all the rights and bound to perform all the duties of such administrator. Every such sheriff shall, in the month of January in each year, make a written report to the county court of his county, and if the court is not in session, then he shall file such report with the clerk of such court, of the receipts and disbursements of each estate so committed to him, and at the end of his term of office make a complete report and settlement of each estate so committed to him, and shall turn over to his successor in office all moneys or property in his hands remaining unadministered. Such court or clerk may, however, at any time afterward revoke such order and allow any other person to qualify as such executor or administrator; and the court, or the clerk thereof, shall, at the expiration of the term of office of any such sheriff, commit to his successor in office any and all estates which may appear, by the final report above required to be made by the sheriff at the end of his term, not to have been fully administered."

It is clear from the express language of the statute that when Chancey as sheriff was "ordered" by the county court to take into his possession and administer the estate of the decedent he became the administrator of the estate, without taking any other oath of office or giving any bond or security other than his official bond, and was entitled to all the rights and was bound to perform all the duties as such administrator. *Brewer v. Hutton,* 45 W. Va. 106, 30 S. E. 81, 72 Am. St. Rep. 804. In that case this Court held in point 4 of the syllabus that "When the administration of an estate has been legally cast upon a sheriff, 'he is thence forward entitled to all the rights, and bound to perform all the duties of such administration,' which include as well all legal and equitable defenses to all actions and suits brought against the estate as to prosecute all proper actions and suits for the collection of claims and demands due the estate." When Chancey accepted the office of sheriff he also accepted, and subjected himself to, the duties and responsibilities imposed by law upon the occupant of such office, one of which was to discharge the duties of administering the estate which as administrator he had been ordered to possess and administer.

The law is well established that a person who accepts a public office does so *cum onere,* that is, "with the burden". He assumes the burdens and the obligations of the office as well as its benefits, subjects himself to all constitutional and legislative provisions relatings to the office, and undertakes to perform all the duties imposed upon its occupant; and while he remains in such office he must perform all such duties. 43 Am. Jur., Public Officers, Section 264. See *State ex rel. Boone National Bank of Madison v. Manns,* 126 W. Va. 643, 29 S. E. 2d 621. In 67 C.J.S., Officers, Section 110, the text contains this language: "Public officials take their offices *cum onere* with all responsibilities attached, and in accepting office impliedly contract to perform the duties thereof. As a general rule the duties imposed by law on public officers are functions and attributes of the office, and not of the officer; they remain although the incumbent dies or is

changed, and are to be performed by the incumbent although they may have been left undone by the predecessor. A successor in office takes office charged with knowledge of official actions of his predecessor."

The statute also expressly provides that the sheriff shall at a specified time in each year make a written report to the county court or the clerk of the receipts and disbursements of each estate committed to him and file such report with the clerk; that at the end of his term of office he shall make a complete report and settlement of such estate and turn over to his successor in office all moneys or property remaining in his hands and unadministered; and that at the expiration of the term of office of any sheriff the court or the clerk shall commit to his successor in office any and all assets which have not been fully administered by such sheriff.

Though there is some conflict in the decisions in different jurisdictions there is respectable authority for the proposition that when a public official, such as a sheriff, is appointed as administrator of an estate he is appointed as such in his official capacity and not individually as the occupant of the office at any particular time; that when his successor in office has been chosen and qualified the authority of the former administrator is necessarily terminated; and that his successor in office must complete the administration of the estate. A successor sheriff, insofar as his agency is necessary, has the duty to complete the unfinished business of his predecessor and all official trusts pass to the successor of the former sheriff. 80 C.J.S., Sheriffs and Constables, Section 51, The authority of a public administrator, such as a sheriff, terminates in a particular estate upon his removal, resignation when accepted, discharge by the court, death, the discovery and probate of a will, and the expiration of the term for which he was appointed; and when the term of office of a sheriff expires his duties as public administrator devolve on his successor. 21 Am. Jur., Executors and Administrators, Section 803.

In *In Re Krabbe's Estate*, 208 Misc. 197, 142 N.Y.S. 2d 557, the New York Court held that a former public ad-

ministrator was without authority to continue in the administration of an estate and that the further administration of such estate was to be continued by his successor in office. In the opinion the court said: "Letters of Administration are issued to the Public Administrator of Suffolk County in his official capacity, and not to the individual who happens to hold such office at any given time. Once a successor has been chosen and qualified, the authority of the former Public Administrator is necessarily terminated for he is no longer vested with power to deal with the assets of any estate in which the Public Administrator of Suffolk County was appointed. The successor in office must complete the administration."

To the same effect is the recent case of *In Re Williams' Estate*, 32 Misc. 2d 1072, 225 N.Y.S. 2d 85, with respect to the authority of a county treasurer as administrator of the estate of a decedent. In the opinion the court said that letters of administration are issued to the county treasurer in his official capacity and not to the individual person who happens to hold the office at the time and that a former county treasurer is without authority to act as administrator after his term of office had expired in any matter involving the collection or liquidation of the assets of the estate, the payment of claims against the estate, or similar acts involving the management of such estate, although the former county treasurer had the right and the duty to account for his acts as fiduciary while he was properly acting in that capacity.

In *Cox v. Martin*, 75 Miss. 229, 21 So. 611, 36 L.R.A. 800, 65 Am. St. Rep. 604, in which Jones as sheriff was appointed administrator of the estate of a decedent and was succeeded by Martin, as sheriff as such administrator, the opinion contains this pertinent language: "Jones' power to act as administrator terminated with his term of office as sheriff, though, as to liability for his acts as administrator, he would still have been amenable. There were not two administrators at one time, but successively, each becoming such under the statute."

Though under the foregoing statute it was the plain duty of Chancey as sheriff to make and file an annual

written report of any receipts and disbursements of the estate and at the end of his term of office to make a complete report and settlement of the estate and turn over to his successor, Coffman, all moneys or property in his custody and unadministered, his failure to comply with these requirements did not prevent, postpone or impair the succession and substitution of Coffman as administrator of the estate of Neil Hysell, deceased, which immediately occurred by operation of law when Coffman, having been duly elected, qualified as sheriff and entered upon the discharge of the duties of that office. The duty of the former sheriff to account for and settle any estate that had come into his possession is separate and distinct from the succession of Coffman to the office of administrator of the estate upon his qualification as sheriff to succeed Chancey in that office. In this case the failure of Chancey to file any report or to make any settlement or to deliver to his successor any assets of the estate is not material to the succession by operation of law of Coffman, the successor sheriff, as administrator of the estate, and it is clear from the record that no assets or property of the estate of Neil Hysell, deceased, ever at any time came into the custody or possession of Chancey as administrator of such estate. It is likewise of no importance that the clerk of the county court has not satisfied the requirement of the statute that he commit the estate to Coffman as the successor of Chancey as administrator of such estate. The failure of the clerk to perform this ministerial duty is separate and distinct from the succession of Coffman as the successor sheriff to the office of administrator of the estate in the place and stead of Chancey and can not prevent Coffman as sheriff from succeeding to the office of administrator of the estate of Neil Hysell, deceased.

If the failure of Chancey to report or settle the estate or the failure of the clerk to commit it to Coffman as administrator operated to continue Chancey as administrator until he made such settlement and was discharged by the county court and Coffman, as sheriff, also became administrator of the estate, as he did by virtue of the

statute, there would be two separate administrators of the same estate at the same time. Or if Chancey ceased to be the administrator, as in law he did when his term as sheriff expired and his successor qualified, and Coffman, as successor sheriff, could not become the administrator until Chancey should be discharged after his report and settlement had been filed, there would be a hiatus in the administration of the estate because there would be no administrator for that purpose. The law, however, will not permit or sanction either of the foregoing anomalies.

A sheriff who is appointed administrator of the estate of a decedent holds that position solely by virtue of his occupancy of the office of sheriff and when his term of office as sheriff expires and his successor qualifies, the position of the former sheriff as administrator, unlike that of a private person who is appointed administrator of the estate of a decedent and who must settle and be discharged before he ceases to be the administrator of the estate, necessarily and automatically ends and terminates. See *Holdermann* v. *Schane*, 56 W. Va. 11, 48 S. E. 512, 3 Ann. Cas. 170.

Though a sheriff whose term as such has expired is no longer the administrator he is, nevertheless, required after the expiration of his term, to account for and settle the estate as to all assets which at any time came into his custody as administrator and for any estate which he has not administered; and this obligation continues after he ceases to be such administrator and after his term as sheriff has expired. This requirement that he account for and settle the estate is, however, entirely separate and distinct from the succession to the office of administrator by his successor as sheriff; and the status of his successor as administrator of the estate is in no wise affected or impaired by the failure of the former sheriff to account for and settle the estate or by the failure of the county clerk to commit the estate to the sheriff who succeeds the former sheriff. The estate may be committed by the clerk at any time after the successor sheriff becomes administrator of the estate.

The principal persons involved or whose rights or interests are directly affected by the failure of the former sheriff to account for and settle the estate are the former sheriff and the surety on his official bond and the beneficiaries of the estate; and the status of the successor sheriff as administrator of the estate is not affected or governed by any such failure upon the part of the former sheriff. Under the statute it is the duty of the sheriff when appointed administrator to serve as such whether or not he desires to do so, and it is likewise the duty of his successor in the office of sheriff to become and serve as administrator of the estate and, of course, to obtain from his predecessor and administer any unadministered estate in his possession; and he succeeds to the office of such administrator by operation of the statute and without the entry of any order of appointment by the county court and without any action by the clerk in committing the estate to such successor administrator.

Under the express provisions of the foregoing statute, Section 11, Article 1, Chapter 44, Code, 1931, the sheriff originally appointed administrator of the estate of a decedent ceases to be such administrator upon the termination of his office as sheriff and his successor in the office of sheriff, by operation of law, succeeds to and becomes the administrator of such estate when he qualifies for that office, without taking any other oath of office or giving any bond or security other than his official bond as such sheriff, and without any other order of appointment by the county court or any commitment of the estate to such successor administrator by the clerk of such court.

The judgment of the Circuit Court of Jackson County is reversed and this action is remanded to that court for such further proceedings as may be proper in conformity to the principles enunciated in this opinion.

*Reversed and remanded.*