STATE *ex rel.* DETLEV PREISSLER

*v.*

THE HON. PIERRE E. DOSTERT, *Judge, etc., et al.*

(No. 14516)

Decided November 20, 1979.

---

*Radosh & Askin, Steven M. Askin* for relator.

*Chauncey H. Browning,* Attorney General, *Richard L. Gottlieb,* Assistant Attorney General, for respondents.

McGRAW, JUSTICE:

Petitioner seeks a writ of prohibition against Pierre E. Dostert, Circuit Judge of Jefferson County and William Richard McCune, Jr., Special Prosecuting Attorney of Jefferson County. Petitioner alleges that the respondent judge is disqualified from acting in the case and that his order disqualifying the elected prosecutor and appointing a special prosecutor is void and of no effect. We award the writ.

On the evening of March 25, 1979, the petitioner was visited at his home in Harpers Ferry by a Mr. Willie Herbert Windham. Mr. Windham, a helicopter pilot, had flown a helicopter to Harpers Ferry and had parked it adjacent to the petitioner's residence. At approximately 8:00 p.m. that evening, three officers of the Harpers Ferry police department went to the petitioner's residence to arrest Mr. Windham for violating a municipal ordinance and a statute,[1] both regulating the operation of aircraft within city limits.

According to the petitioner, the officers attempted to force their way into his home. When he asked to see a

---

[1]W. Va. Code § 29-2A-12.

warrant, a man whom he recognized as the respondent judge stepped forward holding a small pistol which he placed in petitioner's face and shouted, "This is America; I am the Judge; this is my warrant as I am the law." The respondent judge directed the officers to arrest the petitioner, which they immediately did. The officers then arrested the petitioner's son, again allegedly at the direction of the respondent judge.

The respondent judge offers a different version of the facts. He states that he was present at the time of the petitioner's arrest at the request of the arresting officers. In his affidavit, the respondent states that he requested the owner of the residence, petitioner, to accompany the Harpers Ferry police, but that this request was refused on the ground that there was no warrant. By counsel, respondent alleges that the petitioner refused to allow the police to arrest Mr. Windham and became verbally abusive towards them.

Respondent maintains that he then stated to the officers that inasmuch as a misdemeanor (obstructing an officer) was being committed in their presence, they could arrest the petitioner. According to respondent the arrest was effected only after a struggle during which the petitioner screamed obscenities at both the police and the respondent. Shortly thereafter, Erik Preissler, son of the petitioner, allegedly attempted to prevent the pilot from accompanying the police and the respondent then indicated that the police could also arrest Erik Preissler, which they did without a struggle. The events were witnessed by the respondent judge, the three police officers, and an unnamed bystander.

On March 26, 1979, a warrant charging the petitioner with obstructing an officer, sworn to by Sargeant Roland T. Turner of the Harpers Ferry police force, was filed in the magistrate court in Jefferson County, West Virginia.

On March 27, 1979, Robert R. Skinner, the prosecuting attorney of Jefferson County, was alleged to have made

statements to the press[2] concerning the charges against the petitioner. Shortly thereafter, attorney for the petitioner approached the respondent judge and informally demanded that either the petitioner be allowed to have a hearing or the charges be dismissed with prejudice.[3]

On April 5, 1979, the respondent judge entered an order summarily recusing Jefferson County Prosecutor Robert Skinner and appointing the respondent William Richard McCune, Jr., as a special prosecutor to proceed with the petitioner's case. The petitioner then filed a petition for a writ of prohibition asking this Court to restrain William Richard McCune, Jr. from acting as special prosecutor against the petitioner and from proceeding further in the action, and to prohibit the Honorable Pierre E. Dostert from taking any further action in the proceeding against the petitioner. A rule on the petition was awarded July 6, 1979.

The petitioner contends that due to his personal participation in the petitioner's arrest, the respondent

---

[2]The statements of the prosecuting attorney reported in the Hagerstown, Maryland, *Morning Herald* on March 28, 1979, are reprinted below:

" 'I'm not planning to ask for a trial,' Skinner said Tuesday night. 'And I'm pretty sure the defendants will not ask for one.' "

"He said, 'nobody has anything to gain' if the case is tried and he cited what he called an old maxim. 'The more you stir a bucket of ____,' he said, 'the more it smells.' "

"Skinner said that without a trial the case will 'slide into oblivion.' He said the case could be dismissed, 'but I doubt it ... the charge would remain undisposed of.' "

" 'That's all I can say, really. It's (the case) not going anywhere,' he added."

These statements came directly from the newspaper article, as contained in respondent's answer. There is no allegation that the statements were sworn to or evidence as to the truth or falsity of the newspaper article.

[3]Petitioner makes no mention of this demand in his brief. It is brought to our attention by the sworn statement of Henry W. Morrow, petitioner's counsel at the time, contained in respondent's answer, and by respondent's brief. There is no other evidence of communication of petitioner's dissatisfaction with the prosecutor.

judge is disqualified from hearing or acting in the petitioner's case and that his order appointing respondent McCune as special prosecutor is void. Respondents argue that prohibition should not issue in that (1) the magistrate who has jurisdiction of the case has not been made a party to the action, (2) the respondent has no jurisdiction over the case, is not attempting to exercise jurisdiction over the case, and will disqualify himself from further participation if he subsequently assumes jurisdiction over the case, (3) the circuit court judge properly exercised his discretion in appointing a special prosecutor, and (4) the judge by appointing a special prosecutor was merely advancing the cause towards a final hearing.

I

We do not find respondents' challenge to the authority of this Court to award the writ in this case meritorious. The respondents argue that since the petitioner faces charges before a magistrate in the magistrate court rather than before the respondent judge in the circuit court, and since the magistrate and the magistrate court were not named parties to this action, the writ cannot issue. Respondents correctly state that this Court has held that a writ of prohibition must go against both the tribunal and the person having an adverse interest to be affected by the writ. *State ex rel. St. Clair v. Marinari*, 150 W. Va. 373, 145 S.E.2d 464 (1965). However, the petitioner here is not seeking to stay the proceedings of the magistrate court upon the substantive charge of obstructing an officer. Rather, the petitioner is challenging the respondent judge's authority under W. Va. Code § 7-7-8 to remove the elected prosecutor and appoint a special prosecutor and the validity of the order implementing the removal. The statute clearly grants this power only to circuit court judges. The magistrate and the magistrate court have no jurisdiction over the appointment of special counsel and, therefore, are not proper parties to whom the writ may be directed. As to the petitioner's request that the respondent be

prohibited from further action in the case, we need not reach that issue for reasons discussed *infra*.

Respondents also cite *State ex rel. Partain v. Oakley*, _____ W. Va. _____, 227 S.E.2d 314 (1976), as holding that "any person whose right may be affected by the issuance of a writ of this Court must be made a party and must be given notice of the proceedings by service of the writ." While the magistrate and the magistrate court have jurisdiction of the substantive offense with which the petitioner is charged, we cannot find any rights of the magistrate or the magistrate court which may be affected by the issuance of a writ of prohibition against the respondent judge to restrain an action over which the magistrate court has no jurisdiction.

As we find that the respondents were correctly made parties to this action, we proceed to discuss the merits of the petitioner's case.

## II

Petitioner seeks both prospective and retroactive relief by means of prohibition. First he asks that, by reason of his participation in petitioner's arrest, the respondent judge be restrained from sitting on petitioner's case and from taking any further action thereon.[4] Petitioner also asks that we restrain the enforcement of the

---

[4]Petitioner bases his contention that the judge is disqualified on the following provisions of the West Virginia Code and the Judicial Code of Ethics:

W. Va. Code § 51-2-8.

"... When such judge is a party to a suit, or is interested in the result thereof otherwise than as a resident or taxpayer of the district or county ... or if he is a material witness for either party, he shall not take cognizance thereof unless all parties to the suit consent thereto in writing ..." Canon 3C(1)(a).

"A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

order entered April 5, 1979, recusing the elected prosecuting attorney and appointing a special prosecutor, on the grounds that by reason of the respondent's alleged disqualification to act in the case, the order is void.

We note that the undisputed facts of this case indicate that the respondent judge was present at the time of petitioner's arrest and was involved in the proceedings. Apparently, even the respondents do not question that the judge's involvement in the events on the night of petitioner's arrest disqualifies him to hear the merits of petitioner's case, as evidenced by the respondent judge's statement that should the case come before him in circuit court, he would voluntarily disqualify himself from hearing it.

While on these facts we believe a reasonable basis exists for a finding that the respondent judge is indeed disqualified from acting in the petitioner's case, we decline to make the factual determination of disqualification at this time. The proper procedure under the administrative rules of this Court for recusing a circuit court judge by reason of disqualification is the filing of a written motion for disqualification in the circuit court stating the evidence supporting the challenge.[5] Once the proper motion is filed, all proceedings stop and the judge is prohibited from taking any further action in the case until a determination can be had on the issue of disqualification. *Stern Bros., Inc. v. McClure,* _____ W. Va. _____, 236 S.E.2d 222 (1977); Administrative Rule XVII, A(1)(a). The Administrative Rule provides for a hearing on the matter, over which a temporary judge appointed by the Chief Justice of this Court presides and specifically reserves to any party the right to challenge the rulings on the issue by writ of prohibition or any other appropriate extraordinary remedy. Admin. Rule XVII, B; D(3).

As we have designated a procedure by administrative

---

[5]Administrative Rule XVII, A(1), adopted February 8, 1979.

rule for the determination of the disqualification of a judge and as the rule provides adequate safeguards to insure a full and fair resolution of the issue, we decline to decide the matter and leave that determination to the circuit court, the proper body to hear the issue, in compliance with the rules promulgated by this Court.[6]

## III

While we decline to decide the issue of disqualification and its effect on the respondent's recusal order, we are of the opinion that the order is void and enforcement of it should be restrained by prohibition. We note and are concerned that the record fails to show any institution of proceedings which would have invoked the jurisdiction of the circuit court to disqualify the elected prosecutor. We recognize that this issue is not raised by either party before us and ordinarily we would refuse to consider matters outside the pleadings. However, as this matter affects the jurisdiction or power of the lower court to act, this Court may properly raise the issue on its own motion and take notice of a lack of jurisdiction in the lower court. *Delardas v. Morgantown Water Comm.*, 148 W. Va. 318, 134 S.E.2d 889 (1964); *In re Bogg's Estate*, 135 W. Va. 288, 63 S.E.2d 497 (1951).

We do not question that the power to hear and determine the issue of disqualification of an elected prosecuting attorney is vested in the circuit court under W. Va.

---

[6]Since we decline to decide the issue of disqualification, there is no need for us to reach respondent's assertions that the appointment of a special prosecutor was a formal order merely advancing the cause towards a final hearing and that the respondent cannot be prohibited from hearing the merits of the case since he is not currently exercising jurisdiction of the substantive offense. We note, however, that with respect to the latter argument respondents correctly state that the circuit court lacks jurisdiction of offenses charged upon warrant in magistrate court, in accordance with our holding in *State ex rel. Burdette v. Scott*, No. 14583 (W. Va., 1979).

Code § 7-7-8.[7] However, in order for a court to obtain jurisdiction of a given case, proper procedures must be pursued. Proceedings in a court which has not acquired jurisdiction as provided and recognized by law are void and a nullity. Syl. pt. 3, *Duncan v. Tucker County Board of Education*, 149 W. Va. 285, 140 S.E.2d 613 (1965). We find nothing in the record to indicate that any recognized procedure was followed to invoke the jurisdiction of the circuit court to disqualify the prosecuting attorney.

The general rule is that in order for a court to obtain jurisdiction of a particular matter, there must be an appropriate application by a person invoking the judicial power of the court and that application must be in proper legal form. 20 Am. Jur.2d, Courts § 94; 21 C.J.S., Courts § 81. The proper form for application for an order recusing the prosecutor is by a motion, stating with particularity the grounds therefore. W. Va. R. Civ. P., Rule 7(b)(1). In this particular case, since there was no hearing or trial in progress before the circuit court, such a motion would have had to be in writing.

The record reveals no motion by either the petitioner or the State requesting the removal of the prosecutor from petitioner's case in magistrate court. The answer presents the sworn affidavit of petitioner's former counsel stating that counsel informally communicated to the respondent petitioner's demand that he either be allowed to have a hearing on the charges or that the charges be dismissed with prejudice. There is no evidence or allegation that a request was made at that time for recusal nor is there any record of a written motion to that effect. It is well-settled that a court of record speaks only through its record and anything not appearing on the record does not exist in law. *State ex*

---

[7]W. Va. Code § 7-7-8:

"If, in any case, the prosecuting attorney and his assistants are unable to act, or if in the opinion of the [circuit] court it would be improper for him or his assistants to act, the court shall appoint some competent practicing attorney to act in that case. . . ."

*rel. Browning v. Oakley,* ——— W. Va. ———, 199 S.E.2d 752 (1973); syl. pt. 3, *Hudgins v. Crowder & Freeman, Inc.,* 156 W. Va. 111, 191 S.E.2d 443 (1972); syl. pt. 4, *State ex rel. Mynes v. Kessel,* 152 W. Va. 37, 158 S.E.2d 896 (1968) and cases cited therein.

We do not think that a private, informal communication between an attorney and a judge can commence proceedings in and invoke the jurisdiction of the circuit court. Not only does such a communication fail to comply with the requirements of the Rules of Civil Procedure for invoking jurisdiction, but it also does not exist in law, as it does not appear on the record. As there was no proper motion for recusal entered of record below, there was no proceeding commenced in the circuit court, and respondent was totally without jurisdiction to enter the order of recusal.

The respondent was not empowered to enter the order on his own motion.[8] Except in limited circumstances, W. Va. Code § 62-1-10, a court cannot assume jurisdiction

---

[8]The respondent judge maintains that he believed the statements allegedly made by the prosecuting attorney constituted a violation of the Code of Professional Responsibility, particularly DR 7-107(A) and (B), and evinced an intention not to prosecute, which the respondent believed to be motivated by "retribution." Based on these conclusions, and upon being privately approached by petitioner's counsel, respondent *ex parte* ordered the recusal of the prosecutor.

We note first that there was no evidence of "retributive" motive outside respondent's assertion that the decision to refuse to prosecute was ". . . a political decision arising out of certain corrupt practices . . ." for which the prosecutor was rebuked by the respondent.

Secondly, while we do not take lightly charges that the prosecuting attorney violated the Code of Professional Responsibility, the authority to investigate and discipline such violations rests solely with the West Virginia State Bar Committee on Legal Ethics and with this Court. The respondent has a duty to report attorney misconduct to the Committee under Canon 3B(3) of the Judicial Code of Ethics, but his ability to act is limited to the filing of a complaint with that body according to the procedures mandated in Article VI of the By-Laws of the West Virginia State Bar. From the moment the complaint is filed, the investigation of the charges and the determination of culpability rests solely with the State Bar and

of a judicial matter *sua sponte*.[9] 20 Am. Jur. 2d Courts § 94; 21 C.J.S., Courts § 81. With some exceptions, an attempt by a court to assume jurisdiction in a particular matter on its own motion is futile and proceedings had pursuant to such a motion are void.[10] To permit a judge to invoke the jurisdiction of his court *sua sponte* would place him in a position of a complainant deciding the merits of his own complaint in violation of the ancient homily of the law that no man may be a judge in his own case.[11]

Consequently, we hold that where, as here, there is no showing on the record that any party has properly instituted proceedings in a court of record, the court cannot exercise jurisdiction over the matter and any purported order or judgment entered is void and its enforcement may be restrained by prohibition.

## IV

In view of this holding, we find it unnecessary to address respondents' argument that the respondent judge properly exercised his discretion in appointing a special

---

this Court, which has the inherent power to define, regulate and control the practice of law within West Virginia. W. Va. Const., Art. VIII, § 3; W. Va. Code § 51-1-4a, as amended. *See also State ex rel. Partain v. Oakley*, _____ W. Va. _____, 227 S.E.2d 314 (1976).

[9]We emphasize the application of the rule to judicial as distinguished from administrative responsibilities, the discharge of the latter, on the courts own motion, being clearly anticipated by the Judicial Reorganization Amendment, e.g., W. Va. Const. art. VIII, § 6, the W. Va. Code, *e.g.*, § 7-8-1, and the Judicial Code of Ethics, *e.g.*, Canon 3B.

[10]Of course, the lower court always has the power to inquire into and determine the question of its own jurisdiction, even though the issue is not raised by the parties. *Prack v. Weissinger*, 276 F.2d 446 (4th Cir. 1960); *Cobb v. Cobb*, 145 W. Va. 107, 113 S.E.2d 193 (1960); *Croft Land Co. v. Royal Block Coal Co.*, 87 W. Va. 570, 105 S.E. 799 (1921).

[11]Except as indicated herein, it might be noted that if a judge invokes the jurisdiction of a court as a petitioner, he stands in the shoes of all other petitioners and should properly step aside from hearing any case in which he is a party. Canon 3C(1)(d), Judicial Code of Ethics.

prosecutor. However, we do address the question of the power of the circuit court judge to discharge summarily a publicly elected prosecutor from the performance of his duty.

The office of prosecuting attorney is a public office created by the Constitution. W. Va. Const., art. 9, § 1. As such, the office is a public trust created in the interest of and for the benefit of the people, and it imposes upon the officer who assumes it certain duties for the public good. One who accepts a public office does so *cum onere*, that is, he assumes the burdens and the obligations of the office as well as its benefits, subjects himself to all constitutional and legislative provisions relating to the office, and undertakes to perform all the duties imposed on its occupant; and while he remains in such office he must perform all such duties. *Peery v. Coffman*, 148 W. Va. 608, 137 S.E.2d 5 (1964); *Green v. Jones*, 144 W. Va. 276, 108 S.E.2d 1, *adhered to on rehearing*, 144 W. Va. 295, 110 S.E.2d 329 (1959). A public officer is in the position of a fiduciary and he is under an obligation to serve the public with highest fidelity and undivided loyalty. 67 C.J.S., Officers § 201. The public officer is bound to act primarily for the benefit of the public and must perform the duties of his office honestly, faithfully and to the best of his ability. *U.S. v. Thomas*, 82 U.S. (15 Wall.) 337, 21 L. Ed. 89 (1873); 63 Am. Jur.2d, Public officers § 276.

In West Virginia, the duty imposed on the prosecuting attorney by law emanates from the Constitution. It rises above all other considerations in the law and provisions have been made for the removal from office of the prosecuting attorney who shirks his obligation to the office and to the public. W. Va. Const., art. 4, § 6, provides for the removal from office of all constitutional officers for, among other things, misconduct and neglect of duty, in the manner prescribed by the Legislature. W. Va. Const., art. 9, § 4 provides specifically for the indictment of prosecuting attorneys for ". . . malfeasance, misfeasance, or neglect of official duty. . . ." W. Va. Code § 11-1-5 provides the procedure by which any instance of misconduct or neglect of duty on the part of the prosecuting

attorney is to be investigated and charges filed against him. These procedures for permanent removal from office clearly provide for a full hearing and presentation of evidence, not only in recognition of the prosecutor's due process rights, but also in contemplation of the responsibilities imposed on the prosecutor by the Constitution. We believe those responsibilities to be of such a high order as to require a hearing in order to relieve the prosecutor of his duties.

We note that W. Va. Code § 7-7-8 does not provide for permanent removal from office for neglect of duty but merely temporarily disqualification from the particular case. However, we think the distinction between disqualification and removal in this instance is one of degree and not kind. The prosecuting attorney is still bound by law to perform the duties of his office. He can be discharged from that obligation only by a clear and convincing showing of his failure to fulfill his official responsibilities.

We are aware that our predecessors on the bench have determined that W. Va. Code § 7-7-8 contemplates summary action on the part of the judge, with no right of notice or opportunity to be heard on the part of the prosecutor. *State ex rel. Matko v. Ziegler*, 154 W. Va. 872, 179 S.E.2d 735 (1971).[11] We note, however, that *Matko* involved a proceeding in the circuit court wherein the elected prosecuting attorney had been indicted by the grand jury upon a felony charge. The disqualification of the prosecutor to act resulted from his status as a criminal defendant, obvious on the face of the indictment. There was no need for a hearing since his status inher-

---

[11]More recently, in *State ex rel. Goodwin v. Cook*, _____ W. Va. _____, 248 S.E.2d 602 (1978), this Court refused to hold that the statute conferred upon the circuit court the power of appointment to office in violation of Article VI, Section 40 of the West Virginia Constitution. In *Goodwin*, no challenge was made to the *ex parte* nature of the order, but the Court noted that the validity of *Matko* was questionable. 248 S.E.2d at 603, n. 2.

ently rendered his prosecution of the case improper. Here, however, the determination of impropriety to act is not based on the status of the prosecutor but rather on the issue of the prosecutor's refusal to prosecute. Not only does the question require presentation of facts in order to enable the judge to reach an opinion on the matter, but it also requires a charge that the prosecutor is avoiding or sidestepping the duties imposed on him by the Constitution and by his office. In such a situation the circuit court judge cannot summarily override the Constitutional mandate that the prosecuting attorney perform the duties of his office without first conducting a full and proper hearing. Consequently, we would limit the holding in *Matko,* on this issue, to the facts in that case, and we would hold that where recusal of a prosecuting attorney from the prosecution of the criminal case under W. Va. Code § 7-7-8 is sought on the basis of his failure to perform his official duties, the circuit court judge cannot summarily recuse the prosecutor but must afford the opportunity to have a hearing on the matter.[12] Even where a prosecutor voluntarily recuses himself from a case, he can be discharged from his constitutional obligations when it appears on the record that his reasons for disqualification are not frivolous or improper.

Finally, we note that the prosecuting attorney is elected by the people of the county to represent them in prosecutions against criminal offenders. Consequently, the public has a right to know why the attorney they have selected to represent them and whose salary they pay with their taxes, is unfit to prosecute a given case. The prosecuting attorney is a constitutional officer who exercises the sovereign power of the State at the will of

---

[12]We have previously displayed an inclination to approve this principle in footnote 2 of *State ex rel. Goodwin v. Cook, id., citing, State ex rel. Ilvedson v. District Court,* 70 N.D., 17, 291 N.W. 620 (1940); *State ex rel. Thomas v. Henderson,* 123 Ohio St. 474, 174 N.E. 865 (1931); *Lattimore v. Venor,* 142 Okl. 105, 288 P. 463 (1930); *Smith v. Gallagher,* 408 Pa. 551, 185 A.2d 135 (1962); *State v. Flavin,* 35 S.D. 530, 153 N.W. 296 (1915); Annot., 84 A.L.R.3d at 124.

the people and he is at all times answerable to them. W. Va. Const. art. 2, § 2; art. 3 § 2; art. 9 § 1. In other words, for the purposes of this issue, the prosecuting attorney is the trustee and servant of the people and at all times amenable to them. W. Va. Const. art. 3 § 2. The court must provide every safeguard to insure the public that the business of the State is being properly conducted. A hearing on the record provides the public with an accurate record of the actions of their elected officials, upon which they may evaluate his performance.

We are of the opinion, therefore, that before a prosecuting attorney may be disqualified from acting in a particular case and relieved of the duties imposed upon him by the Constitution and by statute, the reasons for his disqualification must appear on the record, and where there is any factual question as to the propriety of the prosecutor acting in the matter, he must be afforded notice and an opportunity to be heard.

For the reasons cited herein we award the writ of prohibition to restrain enforcement of the order recusing the elected prosecuting attorney and appointing a special prosecutor to act in petitioner's case.

*Writ awarded.*