304 S.E.2d 675

**STATE ex rel. Stuart GREEN**

v.

**Pierre E. DOSTERT, Judge, etc., et al.**

**No. 15722.**

Supreme Court of Appeals of
West Virginia.

June 24, 1983.

Nicholas & Skinner and John C. Skinner, Jr., Charles Town, for relator.

Pierre E. Dostert, Judge, Circuit Court, Jefferson County, Charles Town, pro se.

McGRAW, Chief Justice:

This is an original proceeding in prohibition. The petitioner is Stuart Green. The respondents are the Honorable Pierre E. Dostert, Judge of the Twenty-third Judicial Circuit sitting in Jefferson County, and Rosa W. Lynch, Clerk of the Circuit Court of Jefferson County. The petitioner seeks to prohibit Judge Dostert from enforcing a *sua sponte* order issued October 29, 1982, directing the respondent clerk to deliver electronically recorded audio tapes of grand jury proceedings, which resulted in indictment of the petitioner for involuntary manslaughter, to the respondent judge for an *in camera* review.[1] We find that the respondent judge acted outside his jurisdiction in issuing the order, and, therefore, grant the writ.

On October 5, 1982, the petitioner was arrested under a warrant charging him with murder in the first degree of his infant son. On October 14, 1982, after a preliminary hearing at which probable cause was found to bind the petitioner over to the grand jury, Judge Dostert convened a special grand jury to hear the charges against the petitioner. Although Judge Dostert convened the grand jury, he did not preside at the grand jury proceedings. Rather, the Honorable C. Reeves Taylor,

Chief Judge of the Twenty-first Judicial Circuit, fulfilled this duty.[2] On October 15, 1982, the special grand jury returned an indictment charging the petitioner with involuntary manslaughter. At the conclusion of the grand jury proceedings, the stenographer delivered tape recordings of the proceedings to the clerk of the circuit court.

On the same day the indictment was returned, the petitioner, who had been incarcerated in the Jefferson County Jail since his arrest, appeared before Judge Taylor and moved to be released on bail. The court granted the motion and set bail at $1000.00. This amount was tendered in the form of a check drawn on the trustee bank account of petitioner's counsel. Although the funds in the trustee account were represented to be the property of the petitioner, the prosecuting attorney objected to this method of giving bail, contending that it amounted to an attorney becoming surety on a bond. The court rejected the prosecutor's objection.

The petitioner asserts that after his release on bail on October 15, 1982, Judge Dostert, in a long-distance telephone conversation with the circuit court clerk, directed the clerk to return the tape recordings of the special grand jury proceedings

1. The petitioner further requests that the respondent judge be prohibited from proceeding in the petitioner's case pending resolution of a motion for disqualification filed by the petitioner; that the respondent judge be required to return the tapes to the custody of the respondent clerk; and that all proceedings against the petitioner be suspended until the decision of this Court issues. In the rule to show cause issued by this Court November 11, 1982, all further proceedings against the petitioner were stayed pending proper resolution of the petitioner's motion for disqualification pursuant to Rule XVII of the West Virginia Trial Court Rules for Courts of Record (Trial Court Rules). The rule also required the grand jury tapes to be returned to the circuit clerk pursuant to W.Va.R. Crim.P. 6. The respondent judge has since been disqualified pursuant to Trial Court Rule XVII, and the tapes have been returned to the circuit clerk. Accordingly, we do not address these requests of the petitioner.

2. The administrative records of this Court indicate that Judge Dostert wrote to then Chief Justice Miller on September 9, 1982, advising

that he would be on vacation from October 6 through November 2, 1982. By an administrative order issued September 23, 1982, the Honorable Vance E. Sencindiver, Judge of the Thirty-first Judicial Circuit, was assigned to handle emergency matters in Judge Dostert's absence. On or about October 8, 1982, Judge Dostert advised Judge Sencindiver that he was going to convene a special grand jury before leaving on vacation. Judge Sencindiver was not able to preside at the special grand jury proceedings because he had his own grand jury convening in the thirty-first circuit. On or about October 12, 1982, the prosecuting attorney for Jefferson County advised the Administrative Director of the Supreme Court of Appeals that Judge Dostert had convened a special grand jury and then left on vacation, and that Judge Sencindiver was unable to preside. By an administrative order issued October 12, 1982, the Honorable C. Reeves Taylor, Chief Judge of the Twenty-first Judicial Circuit, was temporarily assigned to preside over the special grand jury proceedings.

to the stenographer.[3] The petitioner further asserts that Judge Dostert informed the clerk that Judge Taylor had erroneously instructed the grand jury, resulting in the petitioner not being indicted for murder, and that because bail had been improperly given, he would issue an order revoking the petitioner's bail and mail it from Florida. Judge Dostert admits having a conversation with the clerk on October 15, 1982, in which he expressed his opinion concerning the impropriety of an attorney giving bond for his client, but asserts that he told the clerk only that he "would consider the matter."

On October 27, 1982, the petitioner, by counsel, filed a motion to disqualify Judge Dostert from hearing the case, citing as grounds, *inter alia*, the conversation had between Judge Dostert and the clerk on October 15, 1982, regarding the special grand jury proceedings and the petitioner's release on bail. Two days after this motion was filed, Judge Dostert entered an order, *sua sponte*, directing the clerk to surrender to him all the electronically recorded tapes of the special grand jury proceedings for an *in camera* review. In accordance with the order, the clerk delivered the tapes to Judge Dostert. Although the petitioner's case had been placed upon the circuit court's docket, no trial had been scheduled at the time the order was entered. Subsequently, the petitioner initiated this proceeding to prohibit Judge Dostert from enforcing the *sua sponte* order. We find that the respondent judge exceeded his legitimate powers by failing to halt his involvement in the proceedings once the petitioner's motion for disqualification had been filed.[4]

Pursuant to Rule XVII of the West Virginia Trial Court Rules for Courts of Record (Trial Court Rules), when a written motion for disqualification of a judge is filed at least seven days in advance of any trial date set in the proceedings, the judge is required to proceed no further in the matter pending resolution of the motion by the Chief Justice of the Supreme Court of Appeals. If the motion for disqualification is filed less than seven days prior to the date set for trial, the judge shall convene a hearing and rule upon the motion for disqualification himself, allowing the moving party to make a full record in support of the motion.[5]

**3.** Judge Dostert's whereabouts on October 15, 1982, are unclear from the record. The petitioner apparently believes that Judge Dostert was vacationing in Florida on this date. Judge Dostert states that he attended a judicial conference on October 20, 1982, returning to Jefferson County on October 21, 1982, and that he left to vacation in Florida on October 24, 1982, returning to Jefferson County October 27, 1982.

**4.** The relief afforded the petitioner under this holding renders unnecessary a discussion of the petitioner's contention that Judge Dostert also exceeded his legitimate powers by obtaining tape recordings of the special grand jury proceedings upon his *sua sponte* order.

**5.** Trial Court Rule XVII provides, in pertinent part:

A. Procedure upon the filing of a motion for disqualification:

(1) In any proceeding, except an injunction or a summary contempt proceeding, a written motion for disqualification of a judge may be filed. The motion shall be verified and shall state the facts and reasons for disqualification and shall be accompanied by a certificate of counsel of record stating it is made in good faith and has evidence to support the same. The motion shall be filed at least seven days in advance of any trial date set in the proceed-

ings. Upon the filing of such motion, if the involved judge desires to voluntarily recuse himself, he shall ascertain if agreement can be reached between parties as to the selection of another judge, either from within or without the circuit, to hear the proceeding. If such agreement can be reached, a written stipulation shall be signed by all the parties designating the new judge, whose prior consent shall be obtained. If no agreement can be reached or the involved judge does not desire to voluntarily recuse himself, then he shall:

(a) Proceed no further in the matter; and

(b) Transmit a copy of the motion and certificate to the Chief Justice of the Supreme Court of Appeals, together with a letter advising whether he will recuse himself from the proceeding or that a hearing on the matters surrounding the disqualification motion will be required. The letter should include such other matters as the involved circuit judge shall deem relevant.

(c) In the event the motion is filed less than seven days prior to the date set for trial, or in the event the matter is an injunction proceeding or a proceeding for summary contempt and no stipulation is reached under A(1) above, the involved judge shall proceed to have an immediate hearing upon the motion

In the case *sub judice*, the petitioner filed his motion for disqualification on October 27, 1982, when no date had yet been set for trial. Clearly, then, the respondent judge was required under the provisions of Trial Court Rule XVII to "[p]roceed no further in the matter ...." *See State ex rel. Preissler v. Dostert*, 163 W.Va. 719, 260 S.E.2d 279 (1979); *Stern Bros., Inc. v. McClure*, 160 W.Va. 567, 236 S.E.2d 222 (1977). Accordingly, the respondent judge exceeded his legitimate authority by entering the *sua sponte* order of October 29, 1982, directing the clerk to surrender the tape recordings of the special grand jury proceedings which resulted in the indictment of the petitioner. "The writ of prohibition lies as a matter of right when the inferior court ... exceeds its legitimate powers." Syllabus Point 5, in part, *State ex rel. Smith v. Bosworth*, 145 W.Va. 735, 117 S.E.2d 610 (1960); *see also* W.Va.Code § 53–1–1 (1981 Replacement Vol.); *State ex rel. Miller v. Smith*, 168 W.Va. 745, 285 S.E.2d 500 (1981); *State ex rel. McCartney v. Nuzum*, 161 W.Va. 740, 248 S.E.2d 318 (1978); *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977); *State ex rel. Carson v. Wood*, 154 W.Va. 397, 175 S.E.2d 482 (1970); *Rakes v. Ferguson*, 147 W.Va. 660, 130 S.E.2d 102 (1963); *White Sulphur Springs, Inc. v. Jarrett*, 124 W.Va. 486, 20 S.E.2d 794 (1942); *Norfolk & Western Ry. v. Pinnacle Coal Co.*, 44 W.Va. 547, 30 S.E. 196 (1898); *Wood County Court v. Boreman*, 34 W.Va. 362, 12 S.E. 490 (1890).

Trial Court Rule XVII relating to the disqualification of judges was adopted by this Court on May 29, 1975, more than eight years ago, and was thoroughly discussed by the Court six years ago in *Stern Bros., Inc. v. McClure, supra*. Moreover, in *State ex rel. Priessler v. Dostert, supra*, a case involving the same judge involved in this proceeding, we specifically stated that "[o]nce the proper [disqualification] motion is filed, all proceedings stop and the judge is prohibited from taking any further ac-

tion in the case until a determination can be had on the issue of disqualification." 163 W.Va. at 725, 260 S.E.2d at 283.

For the foregoing reasons, the petitioner is entitled to a writ prohibiting Judge Dostert from enforcing his *sua sponte* order issued October 29, 1982.

Writ granted.

for disqualification, allow the moving party to make a full record and shall then rule upon the motion for disqualification. If the judge overrules the motion for disqualification, he shall proceed with the case. If the motion is sustained, the judge shall proceed no further in the matter and shall forthwith transmit the motion and reason for his ruling to the chief justice who shall then appoint another judge. The chief justice may permit the chief circuit judge, if there is one in the involved circuit, to select the circuit judge.