## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas H.,**
**Petitioner Below, Petitioner**

**vs.) No. 19-1070** (Wirt County 17-P-12)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

**FILED**

**September 18, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Thomas H.,[1] self-represented litigant, appeals the October 28, 2019, order of the Circuit Court of Wirt County denying his third amended petition for a writ of habeas corpus. Respondent Karen Pszczolkowski, Superintendent, Northern Correctional Facility, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2013, petitioner was indicted in the Circuit Court of Wirt County on one count of second-degree sexual assault, one count of third-degree sexual assault, and one count of incest. The charges stemmed from allegations that petitioner, his father, and his brothers repeatedly sexually abused his teenage sister.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

In June of 2015, petitioner's trial commenced. At trial, the victim testified that petitioner forcibly sexually assaulted her on at least two occasions and that she had been afraid to disclose the sexual assaults. Two other witnesses testified that the victim eventually disclosed to them that petitioner had sexually assaulted her. Additionally, a psychologist and a pediatrician both testified that they believed that the victim had been sexually assaulted. Moreover, the investigating police officer testified that petitioner provided a voluntary written statement after his arrest in which he admitted to having engaged in at least one instance of sexual intercourse with the victim. Petitioner testified in his own defense and admitted to engaging in inappropriate sexual contact with the victim.

Following trial, petitioner was convicted of one count of second-degree sexual assault, one count of third-degree sexual assault, and one count of incest. By order entered on August 12, 2015, the circuit court sentenced petitioner to ten years to twenty-five years of incarceration for second-degree sexual assault, one to five years of incarceration for third-degree sexual assault, and five to fifteen years of incarceration for incest. The circuit court further ordered that the sexual assault sentences run concurrently to one another and that the incest sentence runs consecutively, resulting in an aggregate term of fifteen to forty years of incarceration.

Petitioner appealed his convictions and sentence in *State v. Thomas H.*, No. 15-0877, 2016 WL 4611222 (W. Va. September 6, 2016) (memorandum decision), arguing that there was insufficient evidence to convict him and that his sentence was excessive based upon his expectation of receiving a lighter sentence. This Court rejected both of petitioner's assignments of error and affirmed the circuit court's August 12, 2015, sentencing order. *Id.* at *2-3.

In 2017, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Marshall County, which transferred the petition to the Circuit Court of Wirt County, where it was received on August 11, 2017.[2] By order entered on September 29, 2017, the circuit court appointed an attorney to represent petitioner in the instant habeas proceeding.

Without the representation of counsel, petitioner filed (1) amended habeas petitions on August 6, 2018, and December 26, 2018; (2) an "Affidavit of Default" seeking relief pursuant to Rule 55(a) of the West Virginia Rules of Civil Procedure on February 11, 2019; and (3) a motion for a hearing on his default motion on April 18, 2019. On May 10, 2019, without the representation of counsel, petitioner filed a petition in this Court, seeking a writ of mandamus to compel the circuit court to hold a hearing on his default motion.[3]

On May 16, 2019, the circuit court held a hearing on petitioner's default motion. At the hearing, petitioner, who was then represented by counsel, informed the court that he was willing to withdraw the mandamus petition in Supreme Court No. 19-0449 if the circuit court would

[2]Marshall County is the location of the Northern Correctional Facility. The Circuit Court of Wirt County had jurisdiction over petitioner's criminal case.

[3]We take judicial notice of the record in Supreme Court No. 19-0449.

2

schedule an omnibus hearing in the habeas proceeding. The circuit court repeatedly checked with petitioner for confirmation that petitioner's attorney was acting in accordance with his wishes in agreeing to withdraw petitioner's mandamus petition in the Supreme Court No. 19-0449 in exchange for scheduling an omnibus hearing. Each time, petitioner answered that he agreed with his attorney's actions. At the end of the hearing, the circuit court asked one final time whether petitioner was agreeing to withdraw the mandamus petition in Supreme Court No. 19-0449. Petitioner responded, "Yeah, it's good with me, sir."[4]

By order entered on June 11, 2019, the circuit court directed petitioner to file a third amended habeas petition on or before June 28, 2019, and respondent to file a response on or before July 26, 2019. The circuit court set the omnibus hearing for September 20, 2019. By agreed order entered on July 19, 2019, the circuit court directed petitioner to file the third amended habeas petition on or before August 12, 2019, and respondent to file a response on or before August 26, 2019. The date for the omnibus hearing remained unchanged.

Neither party complied with the circuit court's July 19, 2019, agreed order. Petitioner did not file his third amended habeas petition until August 19, 2019, missing the deadline imposed by the circuit court. Respondent did not comply with the agreed order because respondent failed to file a response to the late-filed third amended habeas petition.

At the September 20, 2019, omnibus hearing, petitioner did not ask for an entry of the default judgment based on respondent's failure to file a response to the third amended habeas petition. Rather, the parties addressed the merits of petitioner's two habeas claims: (1) Attorney Theodore Davitian was not the lawful Prosecuting Attorney of Wirt County because Attorney Davitian resided in Wood County at the time that petitioner was prosecuted; and (2) petitioner was not afforded effective assistance of counsel. The parties agreed that the issue of whether Attorney Theodore Davitian was the lawful Prosecuting Attorney of Wirt County when he prosecuted petitioner's criminal case constituted a question of law. Thereafter, petitioner provided testimony as to his claim that trial counsel provided ineffective assistance through direct and cross-examination. Finally, the circuit court recited all fifty-three grounds of the *Losh* checklist and cautioned petitioner that any ground not raised at the omnibus hearing would be deemed waived in future habeas proceedings.[5] Petitioner acknowledged that a court in a future habeas proceeding could find that any ground he failed to raise was waived in the instant proceeding.[6] By order

---

[4]On July 3, 2019, petitioner filed a motion to withdraw the mandamus petition in Supreme Court No. 19-0449. By order entered on July 10, 2019, this Court granted the motion and retired the matter from its docket.

[5]In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we compiled a nonexclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding. *Id.* at 768-70, 277 S.E.2d at 611-12.

[6]In Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held (continued . . .)

3

entered on October 28, 2019, the circuit court rejected both of petitioner's habeas claims and denied his third amended habeas petition.

Petitioner now appeals the circuit court's October 28, 2019, order denying the third amended habeas petition. This Court reviews a circuit court order denying a petition for a writ of habeas corpus under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner presents a single reviewable issue to this Court. Petitioner challenges the circuit court's determination that Attorney Davitian was the lawful Prosecuting Attorney of Wirt County when he prosecuted petitioner's criminal case.[7] Respondent counters that both article

_____

that:

> [a] prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

[7]Petitioner also raises two issues that we decline to address. Petitioner argues that the circuit court erred in not entering a default judgment against respondent. We note that respondent's failure to file a response to petitioner's habeas petition, first amended petition, and second habeas petition was resolved at the May 16, 2019, hearing where petitioner agreed that the circuit court would schedule an omnibus hearing regarding petitioner's claims. We further agree with respondent's position that petitioner failed to raise the lack of a response to the third amended petition at the September 20, 2019, omnibus hearing. Rather, petitioner addressed the merits of his claims which were the two issues adjudicated by the circuit court in its October 28, 2019, order. Rule 10(c)(7) of the Rules of West Virginia Appellate Procedure provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance"). Therefore, we decline to address petitioner's argument that (continued . . .)

IX, section 2 of the West Virginia Constitution and West Virginia Code § 6-5-4 exempt the prosecuting attorney from the requirement that county officers reside in the county in which they serve.

Article IX, section 2 of the West Virginia Constitution provides that:

[t]here shall also be elected in each district of the county, by the voters thereof, one constable, and if the population of any district shall exceed twelve hundred, an additional constable, whose term of office shall be four years, and whose powers as such shall extend throughout their county. The assessor shall, with the advice and consent of the county court, have the power to appoint one or more assistants. Coroners, overseers of the poor and surveyors of roads, shall be appointed by the county court. *The foregoing officers,* **except the prosecuting attorneys***, shall reside in the county and district for which they shall be respectively elected.*

(Emphasis added). West Virginia Code § 6-5-4 similarly provides that:

[t]he governor, secretary of state, state superintendent of free schools, auditor, treasurer, attorney general and commissioner of agriculture, shall reside at the seat of government during their term of office, and keep there the public records, books and papers pertaining to their respective offices. Every judge of a circuit court shall, during his continuance in office, reside in the circuit for which he was chosen. *Every county and district officer,* **except the prosecuting attorney***, shall, during his continuance in office, reside in the county or district for which he was elected. And the removal by any such officer from the state, circuit, county or district for which he was elected or chosen shall vacate his office.*

(Emphasis added).

It is undisputed that during the prosecution of petitioner's criminal case, Attorney Davitian served as the Prosecuting Attorney of Wirt County while a resident of Wood County. The circuit court found article IX, section 2 of the West Virginia Constitution exempts the office of Prosecuting Attorney "from the [c]ounty residency requirement" and that "the plain language of [West Virginia Code § 6-5-4] . . . also [contains] a residency exception for the office of the Prosecuting Attorney[.]" From our review of the language of article IX, section 2 of the West Virginia Constitution and West Virginia Code § 6-5-4, we concur with the circuit court's finding that the constitutional provision and the statutory provision each exempt the office of the Prosecuting Attorney from the county residency requirement.

---

respondent defaulted by failing to file a response to the third amended petition. The second issue that we decline to address is petitioner's argument that the attorney appointed to represent him in the instant habeas proceeding provided ineffective assistance. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (finding that "the preferred way of raising ineffective assistance of habeas counsel is to file a subsequent petition for a writ of habeas corpus raising the issue in the court below") (Internal quotations and citations omitted).

West Virginia Code § 7-4-1(a) provides that "[t]he prosecuting attorney shall attend to the criminal business of the state in the county in which he or she is elected and qualified and when the prosecuting attorney has information of the violation of any penal law committed within the county, the prosecuting attorney shall institute and prosecute all necessary and proper proceedings against the offender[.]" In syllabus point 2 of *State es rel. Preissler v. Dostert*, 163 W. Va. 719, 260 S.E.2d 279 (1979) (citing W. Va. Const. art. II, § 2, art. III, § 2, and art. IX, § 1), we held that "[t]he prosecuting attorney is a constitutional officer who exercises the sovereign power of the State at the will of the people and he is at all times answerable to them."

Here, the circuit court found that Attorney Davitian's election as the Prosecuting Attorney of Wirt County was certified. As neither article IX, section 2 of the West Virginia Constitution nor West Virginia Code § 6-5-4 required Attorney Davitian to be a resident of Wirt County, we find that the circuit court properly rejected petitioner's argument that Attorney Davitian's residency in Wood County prevented Attorney Davitian from being the lawful Prosecuting Attorney of Wirt County during petitioner's criminal case. Therefore, we conclude that the circuit court's denial of petitioner's third amended habeas petition did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's October 28, 2019, order denying petitioner's third amended petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** September 18, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison