389 S.E.2d 484

STATE ex rel. Jay Montgomery
BROWN, Prosecuting Attorney
of Marion County

v.

Hon. Rodney B. MERRIFIELD, Judge of
the Circuit Court of Marion County,
and Frank C. Mascara, Special Prose-
cuting Attorney of Marion County.

No. 19361.

Supreme Court of Appeals of
West Virginia.

Jan. 25, 1990.

George M. Scott, Spencer, for Jay Montgomery Brown.

Rodney B. Merrifield, Fairmont, pro se.

Leo Catsonis, Charleston, for Rodney B. Merrifield and Frank C. Mascara.

Frank C. Mascara, Sp. Pros. Atty., Fairmont, pro se.

NEELY, Chief Justice:

The respondent, Rodney B. Merrifield, is a Judge of the Circuit Court of Marion County. The petitioner, Jay Montgomery Brown, is the prosecuting attorney of Marion County. Although the pleadings before us are not models of clarity, it became apparent at oral argument in this Court that friction developed between the respondent and the petitioner as a result of differing opinions about how to handle matters in the local courts and, perhaps, because of reports that the petitioner might run for circuit judge at the next election.

A newspaper article appeared in the Fairmont *Times–West Virginian* in August 1989, suggesting that the prosecutor, Mr. Brown, planned to run against incumbent Circuit Judge Merrifield in the 1992 election. Soon thereafter, in August 1989, Judge Merrifield suggested to the administrative office of this Court that there may have been financial improprieties in Mr. Brown's office, particularly in the way he handled the crime victims' restitution fund. This Court's administrative director then requested the state tax department to perform an audit of the restitution fund in Mr. Brown's office. That audit had not been completed when this case was heard.

In October 1989, a citizen of Marion County, Richard Bleigh, complained to Judge Merrifield that Mr. Brown had improperly dismissed a warrant Mr. Bleigh had obtained in the Marion County Magistrate's Court, against one Martin Sheets for unlawful operation of a dirt bike on the public roads. This was a minor traffic dispute about a practice that had been legalized by recent act of the legislature, effective 1 July 1989. It is unclear whether Judge Merrifield decided to appoint a special prosecutor on his own, or at Mr. Bleigh's suggestion, but he did on 6 November appoint Frank Mascara, Esq., as special prosecutor to assist Mr. Bleigh in bringing his complaint before the next grand jury, to convene later in November. The order of 6 November was very limited in scope.

On his own motion, Judge Merrifield entered another order on 8 November, appointing Mr. Mascara as special prosecutor with a much broader mandate: "to present certain cases to the November, 1989 grand jury which is scheduled to convene November 13, 1989 at 9:00 a.m." This order was styled "RE: APPOINTMENT OF SPECIAL PROSECUTOR." Among the charges apparently meant to be prosecuted by Mr. Mascara were alleged improprieties in the conduct of Mr. Brown's office.

On 9 November 1989 the petitioner came here seeking a rule to show cause in prohibition to prevent the respondent judge from enforcing his order appointing the special prosecutor. The question before us

now is whether a circuit court judge, after initiating an investigation of a prosecuting attorney and soliciting information of possible misconduct, can then appoint a special prosecutor to seek an indictment of the same prosecutor. We hold that he cannot.

The factual record does not allow us to conclude precisely what motivated Judge Merrifield to make the November appointments of Mr. Mascara as special prosecutor—animosity toward Mr. Brown or an honest desire to correct irregularities in the prosecutor's office.

■ This case is controlled by our holdings in *State ex rel. Preissler v. Dostert*, 163 W.Va. 719, 260 S.E.2d 279 (1979) and *State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 278 S.E.2d 624 (1981) where we discussed the power of a circuit court judge to initiate actions on his own motion in the absence of a case or controversy initiated by a third party. These cases become applicable to the case before us because it at least *appears* that the judge *may* have acted on his own initiative with regard to the matters contained in the 8 November 1989 order. In *Preissler*, the respondent judge sought to disqualify the prosecutor from acting in a case in which the judge himself was interested. In Syllabus Point 1 of *Preissler* we held:

Where there is no showing on the record that any party has properly instituted proceedings in a court of record, the court cannot exercise jurisdiction over the matter and any purported order or judgment entered is void and its enforcement may be restrained by prohibition.

■ In *Skinner* the respondent judge, on his own initiative, entered an order that the prosecuting attorney was not authorized to seek a *nolle prosequi* in magistrate court without the consent of the circuit court. We held in Syllabus Point 10:

As a general rule, any order promulgated *sua sponte* by a superior court which purports to control the judicial function in proceedings in a lower court is void *ab initio*.

Both *Preissler* and *Skinner* can be distinguished from our third major case on this subject, *State ex rel. Matko v. Zeigler*, 154 W.Va. 872, 179 S.E.2d 735 (1971). In *Matko* a prosecuting attorney sought to prohibit the appointment of a special prosecutor to investigate alleged wrongdoing on his part. In that case we held that the court was authorized to appoint the special prosecutor. The difference between *Matko,* on the one hand, and *Preissler* and *Skinner* on the other, is that in *Matko* it was *members of the grand jury* who approached the criminal court judge to request permission to investigate the elected prosecutor. Thus in *Matko*, the criminal court judge in no way initiated the proceedings, nor did he aid, abet, or encourage any activities against the prosecutor that were not forced upon him by the entreaties of third parties. Thus in Syllabus Point 4 of *Matko* we held:

Under Section 6, Article 7, Chapter 7, Code, 1931, as amended, a special judge of a criminal court of a county, in which proceedings are pending relating to the indictment and prosecution of the prosecuting attorney of the county, is authorized to disqualify the prosecuting attorney from acting in such matters and to appoint a special prosecuting attorney to act in the place and stead of the prosecuting attorney in the matters in which he is disqualified from acting.

Certainly a circuit judge has as much right as any other citizen to initiate an investigation and suggest the prosecution of an elected prosecuting attorney. Indeed, because a circuit judge is in a unique position to observe the daily operation of a prosecutor's office, he is peculiarly suited to take cognizance of potential wrongdoing; it is not only a judge's right, but also his duty to bring wrongdoing to public notice.

In this case, the proper way to have proceeded would have been for the respondent judge to initiate such investigation he deemed appropriate, and then to have presented his findings, along with a proper motion to disqualify the prosecuting attorney and to appoint a special prosecutor, to the chief judge of the circuit. Were this a single judge circuit, or should the chief judge of the circuit himself have been disqualified, then the appropriate procedure

would have been to write to the Chief Justice of this Court, pursuant to Rule XVII of the trial court rules of this Court, *W.Va. T.C.R.* [1986], explaining the reason for the judge's disqualification and requesting the Chief Justice to assign a neutral circuit circuit court judge to determine whether probable cause existed to disqualify the prosecutor. *State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 142, 313 S.E.2d 409, 418 (1984).

■ It is undisputed in this case that Judge Merrifield gave no notice to Mr. Brown before appointing Mr. Mascara as a special prosecutor, and Mr. Brown had no opportunity to be heard on his own disqualification. Judge Merrifield did not even tell Mr. Brown himself after the fact. This Court held in *Preissler, supra:*

> Before a prosecuting attorney may be disqualified from acting in a particular case and relieved of the duties imposed upon him by the Constitution and by statute, the reasons for his disqualification must appear on the record, and where there is any factual question as to the propriety of the prosecutor acting in the matter, he must be afforded notice and an opportunity to be heard.

Syllabus Point 3, *State ex rel. Preissler v. Dostert,* 163 W.Va. 719, 260 S.E.2d 279 (1979). Judge Merrifield's failure to give *any* notice to Mr. Brown of his disqualification is in itself fatal to the appointment.

A special prosecutor would normally be appointed when, for example, a criminal defendant points out a personal stake the prosecutor has in the case, or a former client from a prosecutor's days in private practice move to disqualify the prosecutor because client secrets may be revealed in a case the prosecutor is handling. The main purpose of the statute, *W.Va.Code,* 7–7–8 [1972], is not to cover situations, like the one before us, in which the executive branch of government must prosecute itself. Such cases are within the scope of the statute, but not central to it.

■ The statute that gives circuit courts the power to appoint special prosecutors, *W.Va.Code,* 7–7–8 [1972], contemplates such an appointment to handle only particular cases in which the prosecutor is disqualified for any of the standard reasons for disqualifying judicial or quasi-judicial officers. Such an appointment, therefore, must be narrowly drawn. An order purporting to appoint a special prosecutor to present "certain cases" to the grand jury is void *ab initio,* because it does not by its terms limit the prosecutorial discretion of the appointee.

Accordingly, for the reasons set forth above, the writ of prohibition for which the petitioner prays is awarded.

Writ Awarded.