538 S.E.2d 385

**STATE of West Virginia ex rel Gordon O. LAMBERT, President, McDowell County Commission, and Donald L. Hicks, Clerk of the McDowell County Commission, Petitioners,**

v.

**Honorable Kendrick KING, Judge of the Circuit Court of McDowell County, and McGinnis E. Hatfield, Jr., Respondents.**

No. 27466.

Supreme Court of Appeals of West Virginia.

Submitted June 6, 2000.

Decided July 14, 2000.

Sidney H. Bell, McDowell County Prosecuting Attorney, Welch, West Virginia, Attorney for the Petitioners.

Honorable Kendrick King, Judge of the Circuit Court of McDowell County, Welch, West Virginia, Pro se.

PER CURIAM:

In this original proceeding in prohibition, Gordon Lambert, President of the McDowell County Commission, and Donald L. Hicks, Clerk of the McDowell County Commission, (hereinafter collectively referred to as "the Commission") seek to prohibit the Honorable Kendrick King, Judge of the Circuit Court of McDowell County, from enforcing his administrative order of February 23, 2000. In that administrative order, Judge King directed the Commission to provide to a special prosecuting attorney, who had previously been appointed by Judge King, certain financial records maintained by the Commission. We find that because Judge King failed to follow the proper procedure for appointing the special prosecuting attorney, he has exceeded his authority and his order commanding the Commission to surrender documents to an improperly appointed prosecutor should not be enforced. Therefore, the writ of prohibition is granted.

**I.**

## FACTUAL AND PROCEDURAL HISTORY

On February 23, 2000, the Honorable Kendrick King, Judge of the Circuit Court of McDowell County, entered an administrative order styled "IN RE: ACCOUNTING FOR CERTAIN CIVIL FORFEITURE MONEYS AND LOCAL COURT FACILITIES RENOVATIONS/RELOCATION AND LOCAL COURT FUNDS," wherein he found that "appropriate local officials of McDowell County, West Virginia, should provide an accounting for their receipt and expenditure of certain civil forfeiture moneys and moneys for the renovations/relocation of Local Court Facilities and Funds." The administrative order then directed the Commission to surrender an extensive number of financial records to McGinnis E. Hatfield, Jr.,[1] who had been appointed by Judge King, pursuant to W. Va.Code § 7-7-8 (1987) (Repl.Vol.2000), to serve as special prosecutor. From the meager portions of the record that are before us, it appears that Mr. Hatfield was appointed by Judge King, without prior notice to Sidney H. Bell, Prosecuting Attorney of McDowell County (hereinafter "Prosecutor Bell"), due to Judge King's belief that Prosecutor Bell was disqualified from acting in this matter.

Thereafter, on March 3, 2000, the Commission filed a petition for writ of prohibition[2] to

---

1. The administrative order commanded that:
   not later than 5:00 p.m., March 17, 2000, the President of the County Commission of McDowell County, West Virginia, and the Clerk of said County Commission shall provide to McGinnis E. Hatfield, Jr., the heretofore duly appointed and acting Special Prosecuting Attorney of McDowell County, pursuant to prior Orders of this Court, the following information:
   (1) Certified copies of all receipts and expenditures and a full accounting relating to use and disposition of all forfeited moneys and other property (regardless of its nature, description and location) under the West Virginia Contraband Forfeiture Act, to-wit, Article 7, Chapter 60A of the West Virginia Code for the time period July 1, 1997 up to and including February 15, 2000;
   (2) Certified copies of all receipt [sic] and expenditures and a full accounting relating to

   use and disposition of Magistrate Court Fund moneys and Family Law Master Fund moneys for the Magistrate Court of McDowell County and the Family Law Master of McDowell County for the time period July 1, 1997 up to and including December 31, 1999; and
   (3) Certified copies of all receipts and expenditures and a full accounting relating to the use and disposition of all public and private funds from any source for the renovations to and relocation of the Magistrate Court of McDowell County and the Family Law Master of McDowell County from July 1, 1997 up to and including February 15, 2000.

2. The instant petition has been designated a petition for writ of prohibition and/or mandamus. We have determined, however, that the relief sought by the Commission sounds in prohibition. Consequently, we proceed with our analysis under that theory only. *See, e.g., State ex rel. State*

prevent the enforcement of Judge King's administrative order. This Court issued a rule to show cause directed against Judge King and McGinnis E. Hatfield, Jr., returnable before this Court on June 6, 2000. In our order granting a rule to show cause, we expressly ordered that Judge King's administrative order be stayed during the pendency of the proceedings before this Court. A subsequent general order rendered by Judge King, styled "IN RE: FREEDOM OF INFORMATION REQUEST," which addressed the same matters as his earlier administrative order, was likewise stayed during the pendency of the proceedings before this Court, and Judge King and Mr. Hatfield were ordered to take no further action with respect to the matters addressed in Judge King's two orders. We have now fully considered the arguments raised by the parties and the relevant law. We grant the writ of prohibition.

## II.

## STANDARD FOR WRIT OF PROHIBITION

It is well established that

"A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va. Code, 53–1–1." Syllabus point 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977).

Syl. pt. 4, *State ex rel. Jeanette H. v. Pancake*, 207 W.Va. 154, 529 S.E.2d 865 (2000). In the instant case, the County Commission contends, in essence, that the circuit court exceeded its legitimate power.

"In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or

prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

Syl. pt. 5, *State ex rel. Jeanette H. v. Pancake*, 207 W.Va. 154, 529 S.E.2d 865. With due consideration for these standards, we proceed to address the substantive issue.

## III.

## DISCUSSION

Although the order sought to be prohibited in this action is Judge King's administrative order directing the Commission to surrender certain financial records to Mr. Hatfield, the actual issue before us is whether Prosecutor Bell was properly disqualified from acting in the instant case. We find that he was not.

This Court has previously held:

Before a prosecuting attorney may be disqualified from acting in a particular case and relieved of the duties imposed upon him by the Constitution and by statute, the reasons for his disqualification must appear on the record, and where there is any factual question as to the propriety of the prosecutor acting in the matter, he must be afforded notice and an opportunity to be heard.

Syl. pt. 3, *State ex rel. Preissler v. Dostert*, 163 W.Va. 719, 260 S.E.2d 279 (1979). *Accord* Syl. pt. 1, *State ex rel. Brown v. Merrifield*, 182 W.Va. 519, 389 S.E.2d 484 (1990). In the instant proceeding, there is nothing in

*v. Gustke*, 205 W.Va. 72, 76 n. 2, 516 S.E.2d 283, 287 n. 2 (1999).

the record before this Court stating the reasons for Prosecutor Bell's disqualification. Indeed, during oral argument of this matter, Prosecutor Bell asserted that he did not consider himself disqualified. Furthermore, there is nothing in the record to indicate that Prosecutor Bell received notice and an opportunity to be heard. In his response brief to this Court, Judge King explained that on two prior occasions when he appointed a special prosecutor, he received "approval" from Prosecutor Bell. This indicates that Bell received notice and an opportunity to be heard on those occasions. However, in his description of his appointment of Mr. Hatfield, Judge King fails to provide any facts from which we can ascertain that Prosecutor Bell was afforded notice or any opportunity to be heard regarding his disqualification. Moreover, the fact that Prosecutor Bell now disputes his disqualification, combined with the absence of any evidence that he received notice and a hearing, leads us to conclude that Prosecutor Bell was deprived of such notice, in violation of this Court's mandate in syllabus point three of *State ex rel. Preissler v. Dostert.*

In addition, we note that Judge King initiated the proceeding, under W. Va. Code § 7-7-8, to disqualify Prosecutor Bell. Consequently, it was improper for him to then decide the matter of Prosecutor Bell's disqualification.

> When a circuit judge is the moving party in the attempted disqualification of a prosecuting attorney under West Virginia Code § 7-7-8 [(1987) (Repl.Vol.2000)], he should disqualify himself under [Canon 3 E of the West Virginia Code of Judicial Conduct], and follow the procedures contained in [Rules 17.01 through 17.07 of the West Virginia Trial Court Rules] for the appointment of another circuit judge to hear the disqualification motion.

Syl. pt. 5, *State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 313 S.E.2d 409 (1984). For the foregoing reasons, we must conclude that Judge King exceeded his legitimate powers and erred as a matter of law in disqualifying

Prosecutor Bell and appointing Mr. Hatfield as special prosecutor. For this reason, Judge King's order commanding the Commission to surrender documents to an improperly appointed prosecutor should not be enforced.

## IV.

### CONCLUSION

We conclude that Judge King exceeded his legitimate power by failing to follow the proper procedures to disqualify the county prosecutor and appoint a special prosecutor in his stead. For this reason, Judge King's order commanding the Commission to surrender documents to an improperly appointed special prosecutor should not be enforced. The writ of prohibition is granted.[3]

Writ granted.

---

**3.** The stay of Judge King's request under the West Virginia Freedom of Information Act is hereby lifted, and he is free to proceed with that request pursuant to the provisions of the Act, W. Va.Code § 29B-1-1 *et seq.*