609 S.E.2d 887

**STATE of West Virginia, Plaintiff Below, Appellant,**

**v.**

**Myra Lea ANGELL (a.k.a. Myra Lea Smith), Defendant Below, Appellee,**

and

**STATE of West Virginia ex rel. Michael T. Clifford, Prosecuting Attorney for Kanawha County, Petitioner,**

**v.**

**The Honorable Irene Berger, Judge of the Circuit Court of Kanawha County, Respondent.**

No. 31787.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 28, 2004.

Decided Dec. 1, 2004.

---

Michael T. Clifford, Prosecuting Attorney, Richard M. Riffe, Michele R. Duncan Bishop, Special Assistant Prosecuting Attorneys, Charleston, for the Appellant.

L. Eugene Dickinson, Public Defender Corporation, Charleston, for the Appellee.

ALBRIGHT, Justice.

This action comes to us as an appeal and petition for writ of prohibition filed by the State of West Virginia through the prosecuting attorney of Kanawha County (hereinafter referred to as "the State"), and involves the April 20, 2004, final order of the Circuit Court of Kanawha County. In its April 20, 2004, order, the lower court found that a violation of due process occurs when an attorney employed full-time by the West Virginia Workers' Compensation Commission (hereinafter referred to as "WCC") prosecutes workers' compensation fraud cases by acting under the authority of appointment as an assistant prosecuting attorney pursuant to the provisions of West Virginia Code § 7–7–8 (1987) (Repl.Vol.2003).[1]  As a result of this ruling, the lower court ordered dismissal,

---

1. The authority for county prosecuting attorneys to appoint assistant prosecutors is set forth in § 7–7–8 in the following manner:

The prosecuting attorney of each county may, in accordance with and limited by the

without prejudice, of the criminal indictment against the defendant below, Myra Lea Angell (hereinafter referred to as "Ms. Angell"), and disqualification of lawyers employed by WCC from further participation in the prosecution of the case. After full consideration of the proffered arguments in light of the relevant law, we issue a writ of prohibition, as moulded, to cause the indictment to be reinstated and to permit WCC fraud unit lawyers who have been properly appointed to act as assistant prosecuting attorneys to proceed with the prosecution of the case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The indictment in this case was returned by the Kanawha County grand jury on November 19, 2003, in which Ms. Angell was charged with twelve counts of fraud occurring over a number of years whereby Ms. Angell allegedly obtained $140,000 of WCC funds wrongfully.[2] Ms. Angell moved to dismiss the indictment on the ground that her constitutional right to due process was violated when a WCC employed lawyer presented evidence to the grand jury because the lawyer was paid by WCC, the named victim of the crimes charged in the indictment, notwithstanding the fact that the lawyer also had been sworn in as an assistant prosecuting attorney for the county.[3] The lower court in its order granting the dismissal motion, as well as Ms. Angell's related motion to

provisions of section seven [§ 7–7–7] of this article, appoint practicing attorneys to assist him in the discharge of his official duties during his term of office. Any attorney so appointed shall be classified as an assistant prosecuting attorney and shall take the same oath and may perform the same duties as his principal. Each assistant shall serve at the will and pleasure of his principal and may be removed from office by the circuit court of the county in which he is appointed for any cause for which his principal might be removed.

The relevant portion of West Virginia Code § 7–7–7 (2000) (Repl.Vol.2003) referenced above provides:

The county clerk, circuit clerk, joint clerk of the county commission and circuit court, if any, sheriff, county assessor and prosecuting attorney, by and with the advice and consent of the county commission, may appoint and employ, to assist them in the discharge of their

disqualify WCC attorneys from further involvement in the case, supplied the following reasoning for its decisions:

Prosecutors serve in an often forgotten quasi-judicial role.... This role necessarily requires the avoidance of any actual or perceived conflict. In this case, the special assistant prosecuting attorney wears two hats. He is the employee of the victim agency which requires him to look out for the financial and other interests of the agency. Simultaneously, he is a prosecutor charged with the public's interest and seeking justice. It is not difficult to imagine numerous situations where the two roles may be in conflict. While the assistant prosecuting attorney's intentions may be proper in all respects, that is not the issue, and this Court makes no judgment relative to the same. Although here, the assistant prosecuting attorney derives his status from West Virginia Code § 7–7–8, that section cannot cloak a "special assistant prosecuting attorney" whose salary is paid by the victim agency. At the very least, this situation gives the appearance that the assistant has a stake or interest in the outcome greater than that of insuring that justice is done, and deprives the defendant of the very fundamental fairness and impartiality that due process requires. Moreover, it detracts from the public's perception of and confidence in the process. Although this Court recognizes the

official duties for and during their respective terms of office, assistants, deputies and employees.

2. According to the State, Ms. Angell perpetrated the fraud by collecting WCC benefits relative to the death of a former husband while concealing the fact of two subsequent marriages.

3. The parties presented the following stipulation of fact to the court below:

The parties agree that Richard Riffe in his capacity as a special assistant prosecuting attorney for Kanawha County appeared in the grand jury room and presented the evidence to the grand jury which resulted in the indictment in this case.

Mr. Riffe is a WCC fraud unit lawyer whose salary is paid by WCC.

need for prosecutors with special expertise in some areas of the law, prosecutors fill this need everyday by insuring that assistants employed in their offices obtain the necessary training and experience to prosecute various cases. Examples include domestic violence, sexual assault and gun prosecutions.

The State thereafter appealed the dismissal of the indictment based on the provisions of West Virginia Code § 58–5–30 (1998) (Supp.2004). The State also sought to invoke the original jurisdiction[4] of this Court by filing a petition for a writ of prohibition endeavoring to preclude the enforcement of that portion of the April 20, 2004, order barring WCC lawyers from participating in such prosecutions despite their appointment as assistant prosecuting attorneys through the provisions of West Virginia Code § 7–7–8.

## II. NATURE OF THE ACTION

■ The State seeks to appeal the judgment. quashing the indictment based on its statutory authority to file an appeal in criminal cases. This statutory authority is narrowly defined in West Virginia Code § 58–5–30 (1998) (Supp.2004), which reads in pertinent part: "Whenever in any criminal case an indictment is held bad or insufficient by the judgment of a circuit court, the state, on the application of the attorney general or the prosecuting attorney, may appeal such judgment to the supreme court of appeals." We said in *State ex rel. Forbes v. Canady*, 197 W.Va. 37, 475 S.E.2d 37 (1996), that:

An indictment is bad or insufficient for purposes of analysis under W.Va.Code 58–5–30 when within the four corners of the indictment it: (1) fails to contain the elements of the offense to be charged and sufficiently apprise the defendant of what he or she must be prepared to meet; and (2) fails to contain sufficient accurate information to permit a plea of former acquittal or conviction.

*Id.* at 41, 475 S.E.2d at 41 (citation omitted). In the case before us, it is clear that the indictment was dismissed because the method of prosecution was found to be an unconstitutional infringement of due process rights rather than because of any deficiency pertaining to the substance of the indictment. As a result, we find, as we did in *Forbes*, that the State has no right pursuant to West Virginia Code § 58–5–30 to appeal the dismissal of the indictment by the circuit court.

■ Although review of the judgment is not available to the State through the appeal process, in *Forbes* we discussed under what circumstances the State may use the alternative of a writ of prohibition for obtaining review of the dismissal of an indictment. We observed in *Forbes:*

If a trial court improperly interferes with a State's right to prosecute, the court, in effect, exceeds its jurisdiction. In *State v. Lewis* [188 W.Va. 85, 422 S.E.2d 807 (1992)], we stated in Syllabus Point 5 as follows:

"The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented."

Syl. Pt. 2, *Forbes*, 197 W.Va. at 42, 475 S.E.2d at 42, syl. pt. 2. While the State in the present case is not entirely deprived of

---

4. *See* W.Va. Const. art. VIII, § 3 ("The supreme court of appeals shall have original jurisdiction of proceedings in habeas corpus, mandamus, prohibition and certiorari."); *see also* W.Va.Code § 53–1–1 (1923) (Repl.Vol.2000) (codification of constitutional provision concerning when prohibition lies as a matter of right).

its right to prosecute because the indictment was dismissed without prejudice, the decision reached by the lower court directly serves to limit significantly the State's ability to prosecute workers' compensation fraud cases. Given the gravity of the lower court's ruling and the great possibility that the issue will continue to surface, we find the issue one appropriate for consideration. Thus, we proceed under authority of our original jurisdiction to examine the integrally related issues of the indictment dismissal and the disqualification of the WCC employed lawyers from further prosecutorial involvement to determine whether a writ of prohibition should issue.

## III. DISCUSSION

■ The crux of the matter before us is the method by which WCC proceeds with the prosecution of cases involving criminal fraud perpetrated against the WCC fund. More particularly, we are called upon to examine whether the prosecution of such cases by WCC employed lawyers who are appointed by local prosecuting attorneys as assistant prosecuting attorneys violates due process so as to require disqualification of WCC lawyers from involvement with the prosecution of these cases.[5]

We are told by the State that the practice of WCC attorneys prosecuting workers' compensation fraud cases by appointment of county prosecuting attorneys and confirmation by county commissions began in 1995. It was in that year that WCC created a unit specifically dedicated to the deterrence of criminal fraud arising in the context of workers' compensation.[6] The lawyer hired and paid by WCC in that unit was charged with supervising the investigation of fraud and abuse involving the Workers Compensation Fund and seeking to prosecute the criminal activity uncovered by the investigations. In order to facilitate the prosecution of these cases, WCC has entered into informal agreements with county prosecuting attorneys whereby WCC attorneys are appointed, with confirmation by the respective county commission, as assistant prosecuting attorneys of a particular county, pursuant to the provisions of West Virginia Code § 7-7-8. Under this arrangement, WCC attorneys answer to WCC for administrative matters such as salary and leave while prosecutorial functions are performed under the supervision of the elected prosecutor. The state asserts that WCC does not intervene, directly or indirectly, with the prosecutorial decisions with regard to the criminal cases in which WCC attorneys appointed as assistant prosecutors are involved.

The lower court's examination of the method by which WCC has sought criminal enforcement of fraud and abuse of the workers' compensation system resulted in the court concluding that West Virginia Code § 7-7-8

cannot [serve to] cloak a "special assistant prosecuting attorney" whose salary is paid by the victim agency. At the very least, this situation gives the appearance that the assistant has a stake or interest in the outcome greater than that of insuring that justice is done, and deprives the defendant of the very fundamental fairness and impartiality that due process requires.

Ms. Angell maintains that the lower court was correct in finding that due process[7] is violated in all instances when an attorney who is employed by the WCC, the victim of the crime, is permitted to be appointed as a

---

5. Ms. Angell renews the argument she offered below regarding the constitutionality of the grant of statewide prosecutorial authority in West Virginia Code § 23-1-1b(g)(22)(B)(iv) (2003) (Supp. 2004). We agree with the lower court's conclusion that WCC was not invoking such authority in the case at hand and thus it is not an issue before this Court at this time.

6. In 2003, the Legislature inserted a provision in the workers' compensation statutes essentially condoning the establishment and maintenance of a "fraud and abuse investigation and prosecution unit" within WCC. W.Va.Code § 23-1-1b(g)(22). The propriety of that legislation is not before us and we express no opinion regarding it.

7. The due process clause of the West Virginia Constitution provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law...." W.Va. Const. art. III, § 10.

"special" [8] assistant prosecuting attorney for the purpose of prosecuting charges of fraud and abuse of the workers' compensation system. [9] Ms. Angell's basic position is that no one prosecuted following this convention can be considered to be receiving fair and even-handed treatment by her accusers in accord with the well-ensconced principles of due process.

The State asserts that according to the general consensus of authority it is not improper for an agency attorney to simultaneously be employed by the agency and be appointed and act as an assistant prosecuting attorney. This consensus relates to federal court decisions involving appointment of special assistant United States attorneys for prosecution of specialized cases. The treatise, *Prosecutorial Misconduct*, summarizes the case law with regard to the dual employment of agency attorneys as special assistant federal prosecutors as follows:

> Another recurring conflict of interest concerns the permissibility of a staff attorney for a government agency simultaneously appearing before a grand jury as a specially appointed prosecutor to present evidence concerning matters which he investigated as an agency attorney. The theory of conflict appears to be that since the agency's interest lies in justifying its investigation and its referral for criminal prosecution, the agency prosecutor is not as interested in safeguarding innocent citizens from unfounded criminal accusations as in obtaining an indictment. *In re Perlin,* 589 F.2d 260, 58 A.L.R. Fed. 680 (7th Cir.1978). It is also argued that this con-

flict violates ethical standards requiring attorneys to avoid even the appearance of impropriety. *In re Grand Jury Subpoenas,* 573 F.2d 936 (6th Cir.1978). Against this rationale is the practical argument that the agency attorney is no different from any prosecutor who has an interest in seeing a criminal investigation result in a successful prosecution. *U.S. v. Dondich,* 460 F.Supp. 849 (N.D.Cal.1978). . . .

Courts generally have refused to disqualify agency attorneys from appearing before a grand jury to prosecute a matter which they previously investigated. *U.S. v. Birdman,* 602 F.2d 547 (3d Cir.1979); *In re Perlin,* 589 F.2d 260 . . . (7th Cir.1978); *U.S. v. Dondich,* 460 F.Supp. 849 (N.D.Cal. 1978). But see *In re Grand Jury Subpoenas,* 573 F.2d 936 (6th Cir.1978) (disqualifying IRS attorney from participating in grand jury proceedings). These courts recognize the need for intra-agency cooperation in the enforcement of criminal laws, and the lack of any inherent conflict in such dual employment status. Of course, an actual conflict may require dismissal, as might occur when a prosecutor uses the criminal proceeding primarily as a means to further his agency's civil investigation, See *U.S. v. LaSalle Nat. Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *U.S. v. Procter & Gamble Co.,* 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), uses abusive or illegal investigatory techniques during his agency's involvement in this matter, *U.S. v. Dondich,* 460 F.Supp. 849 (N.D.Cal.1978), disregards duties owed to the prosecutorial agency because of an excessive allegiance to his

---

**8.** As the State points out, there is no statutory definition for the term "special *assistant* prosecuting attorney." While the court below and parties sometimes refer to the WCC lawyers who are appointed assistant prosecutors as "special assistant prosecuting attorneys," these attorneys are simply assistant prosecutors *who* are appointed by the county prosecutor and confirmed by the county commission to prosecute a special class of crimes: workers' compensation fraud. Further, the reference to "special prosecuting attorney" in West Virginia Code § 7–7–8 has no import to our current discussion since it typically is used to refer to the lawyer appointed by the court when an elected prosecuting attorney's of-

fice is disqualified or is otherwise unable to act. See *State ex rel. Brown v. Merrifield,* 182 W.Va. 519, 522, 389 S.E.2d 484, 487 (1990).

**9.** Ms. Angell asks us to agree with the conclusion reached by the lower court but for a completely different reason, namely, on the basis that the WCC lawyer is acting as a private prosecuting attorney. We see no reason—and are given none—to disturb the finding of the court below that "[t]here are no facts to support the position that Mr. Riffe [as the WCC employed attorney appointed special assistant prosecutor] is a private prosecutor."

own agency, *U.S. v. Gold,* 470 F.Supp. 1336 (N.D.Ill.1979) or exerts an undue influence over the grand jury because of his high official agency position. *U.S. v. Braniff Airways, Inc.,* 428 F.Supp. 579 (W.D.Tex. 1977)....

Bennett L. Gershman, *Prosecutorial Misconduct* § 2:51 (2d ed.) (2004); *see also* 38A C.J.S. *Grand Juries* § 104 (1996); 63C. Am. Jur.2d *Prosecuting Attorneys* § 31(1997). In another particularly relevant federal case, *U.S. v. Heldt,* 668 F.2d 1238 (D.C.Cir.1981), a defendant attempted to disqualify all members of a United State's Attorney's Office on the basis that the office was one of the victims of the crimes of illegal entry and theft of documents charged in the case. The United States Court of Appeals for the District of Columbia observed in *Heldt* that "to the extent that a 'victim' exists in such a crime, it is the United States of America." *Id.* at 1275. The court went on in *Heldt* to find that no disqualifying interest existed on this basis because none of the individual attorneys involved in the prosecution of the case had actually been a victim of any of the charges in the indictment and none of the government attorneys was shown to have any special emotional stake in the outcome of the case.

As in *Heldt,* the WCC attorneys appointed as assistant prosecuting attorneys have no general personal interest in the outcome of the prosecution of workers' compensation fraud and abuse cases. Although the agency is named as the victim in the indictment charging the workers' compensation offenses, the agency exists to carry out the work of the State as authorized by the Legislature, which expressly includes prosecuting instances of fraud and abuse of the workers' compensation system. Thus such offenses are crimes against the state of West Virginia rather than any particular employee or person.

Although the process of appointment is not the same as that in the federal system, we do not see that the due process rights of criminal defendants are abrogated by the appointment method prescribed by the Legislature through the provisions of West Virginia Code § 7–7–8. Through these provisions the Legislature has granted county prosecuting attorneys broad discretion in selecting their assistants, subject to the advice and consent of the county commission. Assistant prosecuting attorneys act on behalf of the public interest in the same manner as the elected prosecutor, taking the same oath as the elected prosecutor and are subject to removal from the position of assistant for the same reasons as the prosecutor. The appointment of WCC attorneys for the prosecution of workers' compensation fraud and abuse cases follows the common practice, recognized by the lower court, of local prosecutors appointing assistants not only to prosecute crimes in general but also for appointing assistants who have special expertise in a particular field to prosecute specific types of crime. As with all appointees, WCC attorneys acting in the capacity of assistant prosecutors are subject to the supervision, direction and control of the county prosecutor and are held to the same standards as all prosecutors, including effectuating the primary prosecutorial responsibility of seeking justice—a responsibility that implicitly carries the affirmative duty to treat an accused fairly. *See* Syl. Pt. 2, *State v. Britton,* 157 W.Va. 711, 203 S.E.2d 462 (1974) (holding that prosecuting attorney owes affirmative duty of fairness to accused). It is within the discretion of the elected prosecutor to select the individuals with the necessary skills to address the unique needs of the county and who can meet the heightened standards required of prosecutors. Absent some particularized showing of bias, personal interest which hampers objectivity and impartiality or other basis for disqualification,[10] we find no inherent unfairness rising to the level of a violation of due process when attorneys who are employed by WCC are appointed as assistant prosecuting attorneys.

---

**10.** We have on previous occasions noted that generally

"[p]rosecutorial disqualification can be divided into two major categories. The first is where the prosecutor has had some attorney-client relationship with the parties involved whereby he obtained privileged information that may be adverse to the defendant's interest in regard to the pending criminal charges. A second category is where the prosecutor has some direct

Accordingly, we hold that the appointment by county prosecuting attorneys, pursuant to the provisions of West Virginia Code § 7–7–8, of attorneys employed by WCC to serve as assistant prosecutors for prosecution of workers' compensation fraud and abuse cases does not of itself violate due process principles. As a result, the lower court's order dismissing the indictment and disqualifying further participation of the WCC lawyers appointed as assistant prosecutors must be set aside.

Despite our conclusion that the appointment process does not violate due process, we remain concerned that proper safeguards are not in place within WCC to ward against the type of improper exchanges of information which the federal courts have identified in such dual employment cases. The State represented during oral argument that the WCC attorneys who are appointed as assistant prosecutors to prosecute workers' compensation fraud and abuse cases are not involved with the civil investigation process of the agency. However, we were also informed that this practice is not a formalized policy of the agency. To clearly convey the separation of these functions and avoid impermissible exchanges of information or the appearance that these exchanges are possible, WCC should take the necessary steps to establish a written policy by memorandum or procedural rule applicable generally to all employees. The policy should at least state that the agency yields its authority to the prosecutor regarding any prosecutorial decisions and that any WCC employees appointed as prosecuting attorneys are not to be involved with the civil collection functions of the agency. Likewise, WCC should maintain a uniform written protocol outlining the restrictions and expectations concerning the relationship between the WCC employed assistant prosecuting attorney, WCC, and the appointing county prosecuting attorney. The protocol should at least state that WCC will

not directly, or even indirectly, interfere with the decisions of the elected prosecuting attorney regarding prosecutorial duties during the course of the appointment of a WCC attorney as an assistant prosecuting attorney.

We find no violation of due process in the instant case since we have not been presented with grounds to believe that the WCC fraud unit lawyers appointed as assistant prosecutors have an inherent bias or personal stake in the outcome of the case or have otherwise abused their position as assistant prosecuting attorneys. Ms. Angell, as well as other similarly situated defendants who have reason to challenge the motivation or actions of individual WCC attorneys, may assert their right to due process by timely application for relief through the courts for disqualification or other appropriate remedy. Presented with such a challenge, the trial court should schedule an evidentiary hearing to determine whether disqualification is required.

## IV. CONCLUSION

Based upon the foregoing, we grant the State's request for a writ of prohibition, as moulded to also reinstate the indictment.

Writ of prohibition granted, as moulded.

Justice DAVIS, deeming herself disqualified, did not participate in the decision of this case.

Judge HUTCHISON, sitting by temporary assignment.

personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question. Syllabus Point 1, *Nich-* *olas v. Sammons,* 178 W.Va. 631, 363 S.E.2d 516 (1987)." Syl. Pt. 2, *State v. Keenan,* 213 W.Va. 557, 584 S.E.2d 191 (2003).